# EXHIBIT A

Micha Star Liberty (SBN 215687)
**LIBERTY LAW INC.**
1999 Harrison, Suite 1800
Oakland, California 94612
Telephone: (510) 645-1000
Fax: (888) 645-2008
micha@libertylaw.com

John Clune (Pro Hac Vice Pending)
**HUTCHINSON BLACK & COOK, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Fax: (303) 442-6593
john.clune@hbcboulder.com

*Counsel for Plaintiff*

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/14/2025 1:53 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE, and individual,<br><br>　　　　　Plaintiff,<br>v.<br><br>ALARIC JACKSON, an individual,<br><br>　　　　　Defendant. | Case No. [To be assigned]   25STCV33283<br><br>**COMPLAINT**<br><br>1. Gender Violence – Civ. Code § 52.4<br>2. Intentional Infliction of Emotional Distress<br>3. Invasion of Privacy – Intrusion Upon Seclusion<br>4. Invasion of Privacy – Public Disclosure of Private Facts<br>5. Revenge Porn – Civ. Code § 1708.85<br>6. False Promise (Fraud)<br>7. Negligent Infliction of Emotional Distress<br>8. Punitive Damages – Civil Code § 3294<br><br>**Jury Trial Demanded** |

1

COMPLAINT                                    Exhibit A – Page 9

**INTRODUCTION**

1. This case arises from Defendant Alaric Jackson's predatory, coercive, and unlawful conduct toward Plaintiff, which culminated in his secret recording of her during a sexual encounter without her knowledge or consent. After cultivating Plaintiff's trust through repeated manipulation and false assurances, Defendant lured her to Los Angeles, where he ignored her boundaries, pressured her into sexual acts, and weaponized his position of control. Most egregiously, Defendant used his phone to capture intimate video of Plaintiff's genitals without her consent, later lying to her face that it had been deleted while retaining the recording. Days later, in a deliberate act of cruelty, Defendant transmitted the very video he promised had been deleted, confirming his deception and retraumatizing her. Instead of apologizing or taking responsibility, Defendant dismissed Plaintiff's objections, mocked her distress, and attempted to gaslight her into believing she secretly "liked" being violated. Defendant's actions were not only invasive and humiliating but also constituted criminal misconduct under California law, leaving Plaintiff humiliated, manipulated, and emotionally shattered. Plaintiff has since required therapy, time away from work, and continues to grapple with the profound loss of trust and dignity caused by Defendant's conduct. She brings this action to hold Defendant accountable, to vindicate her rights to safety and privacy, and to ensure that his conduct is met with the consequences it so clearly warrants.

**PARTIES**

2. Plaintiff JANE DOE is an individual residing in Philadelphia, PA. Plaintiff seeks to proceed anonymously due to the sensitive and traumatic nature of the facts alleged herein.

3. Defendant ALARIC JACKSON is, upon information and belief, a resident of California and a nationally recognized professional athlete who plays in the National Football League (NFL).

**JURISDICTION AND VENUE**

4. Venue is proper in the County of Los Angeles under Code of Civil Procedure § 395 because Defendant resides in Los Angeles County and the acts and omissions giving rise to these claims occurred there.

5. Jurisdiction is proper pursuant to Article VI, Section 10 of the California Constitution, as this Court has general subject matter jurisdiction over civil matters and the amount in controversy exceeds the jurisdictional minimum of this Court.

**GENERAL ALLEGATIONS**

7. In or about March 2024, Defendant contacted Plaintiff via Instagram after locating her public profile.

8. Plaintiff and Defendant began chatting via social media and eventually transitioned their communication to text messaging.

9. Over the course of approximately two months, Plaintiff and Defendant engaged in regular communication. Plaintiff made clear that she wanted to take things slowly in their personal relationship.

10. Defendant invited Plaintiff to travel to Los Angeles to visit him over the weekend of May 24, 2024.

11. Plaintiff accepted the invitation and traveled to Los Angeles on Friday, May 24, 2024.

12. From the moment Plaintiff arrived at Defendant's residence, Defendant demonstrated persistent interest in engaging in sexual activity.

13. Although Plaintiff sought to maintain her boundaries and proceed slowly, on Saturday evening, Defendant began pressuring Plaintiff for sex and Plaintiff eventually acquiesced.

14. During a sexual encounter that day, Plaintiff realized that Defendant had his phone out. Plaintiff grabbed the phone and threw it out of reach. It was only later that it was disclosed to her that Defendant had been recording her with close up footage of her genitals during their sexual interaction.

15. Plaintiff had **never consented** to any video or photo being taken during their sexual activity.

16. Plaintiff was shocked and violated by Defendant's conduct and immediately knocked the phone from his hand.

17. She ended the sexual encounter and demanded that Defendant delete the video and demonstrate that it was permanently removed.

18. Defendant refused, taunting Plaintiff that she "would never know" whether the recording was truly deleted.

19. Plaintiff was distraught and the remainder of the evening was filled with emotional distress and discomfort.

20. The next morning, Plaintiff discovered that Defendant had left the residence. Plaintiff decided to end her visit early, took a ride share to the airport, and returned home that day—Sunday, May 26, 2024.

21. After returning home, Plaintiff continued to insist that Defendant delete the video. Defendant responded with evasiveness and inappropriate humor about the matter.

22. Eventually, Defendant assured Plaintiff that he had deleted the video.

23. The next day, Defendant **sent Plaintiff the same video**, confirming that he had lied about its deletion.

24. Plaintiff, now alarmed by Defendant's behavior, reported the incident to the Los Angeles Police Department (LAPD).

25. LAPD advised that the recording may constitute criminal conduct but that she would need to return to Los Angeles or work with her local police department to initiate an investigation.

26. Plaintiff subsequently retained legal counsel and chose to instead report the matter to the NFL instead of pursuing criminal charges.

27. The NFL conducted an investigation and concluded that Defendant had violated its personal conduct policy and was suspended.

28. Defendant's counsel in that process represented that the video had been deleted, but Plaintiff has no reason to trust that representation based on Defendant's previous deception.

29. As a direct result of Defendant's conduct, Plaintiff has experienced severe emotional distress, loss of privacy, and psychological harm.

30. Plaintiff has required and continues to require therapy to process the trauma and rebuild trust in relationships.

## FIRST CAUSE OF ACTION

### Gender Violence – Civ. Code § 52.4

32. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

33. Defendant's acts were committed because of Plaintiff's gender and involved threats, intimidation, and coercion.

34. The conduct constitutes a form of gender-based violence.

35. Plaintiff is entitled to compensatory damages, punitive damages, and attorney's fees.

## SECOND CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

36. Plaintiff incorporates by reference all preceding paragraphs.

37. Defendant's conduct was outrageous, including the nonconsensual photo and deceitful follow-up message.

38. Defendant intended to cause Plaintiff severe emotional distress, or acted with reckless disregard.

39. Plaintiff has suffered extreme mental anguish, anxiety, humiliation, and fear.

## THIRD CAUSE OF ACTION

### Invasion of Privacy – Intrusion Upon Seclusion

40. Plaintiff incorporates by reference all preceding paragraphs.

41. Plaintiff had a reasonable expectation of privacy during the sexual encounter.

42. Defendant intentionally intruded upon that privacy by photographing her genitals without consent.

43. The intrusion was highly offensive and caused Plaintiff emotional and psychological injury.

## FOURTH CAUSE OF ACTION

### Invasion of Privacy – Public Disclosure of Private Facts

44. Plaintiff incorporates by reference all preceding paragraphs.

45. Defendant disclosed and/or retained highly private and sensitive facts.

46. The disclosure or threat of disclosure was highly offensive to a reasonable person.

47. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

## FIFTH CAUSE OF ACTION

### Revenge Porn – Civ. Code § 1708.85

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Defendant intentionally distributed an image of Plaintiff's intimate body parts without her consent.

50. Defendant knew or should have known Plaintiff had an expectation the image would remain private.

51. Plaintiff suffered harm including emotional distress, anxiety, and humiliation.

## SIXTH CAUSE OF ACTION

### False Promise (Fraud)

52. Plaintiff incorporates by reference all preceding paragraphs.

53. Defendant falsely represented he deleted the photo.

54. Plaintiff reasonably relied on that representation.

55. Defendant made the promise without intent to perform.

56. Plaintiff suffered damages due to this fraudulent conduct.

## SEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

57. Plaintiff incorporates by reference all preceding paragraphs.

58. Defendant owed Plaintiff a duty not to cause foreseeable emotional harm.

59. Defendant breached that duty through negligent, reckless, and harmful actions.

60. Plaintiff suffered serious emotional distress.

## EIGHTH CAUSE OF ACTION

### Punitive Damages – Civil Code § 3294

61. Plaintiff incorporates by reference all preceding paragraphs.

62. Defendant acted with oppression, fraud, and malice as defined in Civil Code § 3294 by invading Plaintiff's privacy and lying about the disposition of the video.

63. Plaintiff is entitled to punitive and exemplary damages to punish Defendant and deter future misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

(1) For general and special damages in an amount according to proof;

(2) For statutory damages under applicable statutes;

(3) For punitive damages for malice, oppression, and fraud;

(4) For costs of suit and reasonable attorney's fees;

(5) For injunctive relief and any further relief the Court deems proper.

November 13, 2025                    Respectfully submitted,

By: */s/ Micha Star Liberty*

Micha Star Liberty (SBN 215687)
**LIBERTY LAW INC.**
1999 Harrison, Suite 1800
Oakland, California 94612
Telephone: (510) 645-1000
Fax: (888) 645-2008
micha@libertylaw.com

John Clune (Pro Hac Vice Pending)
**HUTCHINSON BLACK & COOK, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Fax: (303) 442-6593
john.clune@hbcboulder.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable under the law.

November 13, 2025                         Respectfully submitted,


                                          By:   /s/ *Micha Star Liberty*

                                          Micha Star Liberty (SBN 215687)
                                          **LIBERTY LAW INC.**
                                          1999 Harrison, Suite 1800
                                          Oakland, California 94612
                                          Telephone: (510) 645-1000
                                          Fax: (888) 645-2008
                                          micha@libertylaw.com