Micha Star Liberty (SBN 215687)
**LIBERTY LAW INC.**
1999 Harrison, Suite 1800
Oakland, California 94612
Telephone: (510) 645-1000
Fax: (888) 645-2008
Micha@LibertyLaw.com

John Clune (Admitted Pro Hac Vice)
**HUTCHINSON BLACK & COOK, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Fax: (303) 442-6593
john.clune@hbcboulder.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, and individual,<br><br>Plaintiff,<br><br>v.<br><br>ALARIC JACKSON, an individual,<br><br>Defendant. | Case No. CV 25-11426-GW-ASx<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Intentional Infliction of Emotional Distress<br>2. Invasion of Privacy – Intrusion Upon Seclusion<br>3. Revenge Porn – Civ. Code § 1708.85<br>4. False Promise (Fraud)<br>5. Negligent Infliction of Emotional Distress<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This case arises from Defendant Alaric Jackson's coercive and unlawful conduct toward Plaintiff, which culminated in his secret recording of her during a sexual encounter without her knowledge or consent. After cultivating Plaintiff's trust through repeated manipulation and false assurances, Defendant invited her to Los Angeles,

where he ignored her boundaries, pressured her into sexual acts, and weaponized his position of control. Most egregiously, during a sexual encounter between the Parties, Defendant used his phone to capture an intimate video of Plaintiff's genitals without her knowledge or consent. Once Plaintiff realized that Defendant had taken a video recording of her genitals during their sexual encounter, she demanded that he delete the video. Defendant lied to her face that the video had been deleted, all the while retaining the recording. Days later, in a deliberate act of cruelty, Defendant transmitted the very video he promised had been deleted, confirming his deception and retraumatizing Plaintiff. Instead of apologizing or taking responsibility, Defendant dismissed Plaintiff's objections, mocked her distress, and attempted to gaslight her into believing she secretly "liked" being violated. Defendant's actions were not only invasive and humiliating but also constituted criminal misconduct under California law, leaving Plaintiff humiliated, manipulated, and emotionally shattered. Plaintiff has since required therapy, time away from work, continues to grapple with the profound loss of trust and dignity caused by Defendant's conduct and with the constant, traumatizing fear of what Defendant will do next with this highly personal and violating video of her. She brings this action to hold Defendant accountable, to vindicate her rights to safety and privacy, and to ensure that his conduct is met with the consequences it so clearly warrants.

**PARTIES**

2.     Plaintiff JANE DOE is a resident and citizen of Pennsylvania residing in Philadelphia, PA. Plaintiff seeks to proceed anonymously due to the sensitive, personal, and traumatic nature of the facts alleged herein.

3.     Defendant ALARIC JACKSON is, upon information and belief, a resident of California, a citizen of Michigan, and a nationally recognized professional athlete who plays in the National Football League (NFL).

**JURISDICTION AND VENUE**

4. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant resides in Los Angeles County and the acts and omissions giving rise to these claims occurred there.

5. Jurisdiction is proper under 28 U.S.C. §§ 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000.

**GENERAL ALLEGATIONS**

7. In or about February 2024, Defendant contacted Plaintiff via Instagram after locating her public profile.

8. Plaintiff and Defendant began chatting via social media and eventually transitioned their communication to text messaging in or about March 2024.

9. Over the course of approximately two months, Plaintiff and Defendant engaged in regular communication. Plaintiff made clear that she wanted to take things slowly in their personal relationship.

10. Defendant invited Plaintiff to travel to Los Angeles to visit him over the weekend of May 24, 2024.

11. Plaintiff accepted the invitation and traveled to Los Angeles on Friday, May 24, 2024.

12. From the moment Plaintiff arrived at Defendant's residence, Defendant demonstrated persistent interest in engaging in sexual activity.

13. Although Plaintiff sought to maintain her boundaries and proceed slowly, on Sunday, May 26, 2025, Defendant began pressuring Plaintiff for sex and Plaintiff eventually acquiesced.

14. During a sexual encounter that day, Plaintiff realized that Defendant had his phone out. At that point, Plaintiff grabbed the phone and threw it out of reach. It was only later that Defendant disclosed to Plaintiff that he had been recording her during their sexual encounter with close up footage of her genitals.

15. Plaintiff had not been aware that Defendant was recording her during the sexual encounter and **never consented** to any video or photo being taken during their sexual activity.

16. Plaintiff was shocked and felt violated by Defendant's conduct.

17. Plaintiff demanded that Defendant delete the video and demonstrate that it was permanently removed.

18. Initially, Defendant refused, taunting Plaintiff that she "would never know" whether the recording was truly deleted.

19. Plaintiff was distraught and the remainder of the evening was filled with emotional distress and discomfort.

20. Later, on that same evening, May 26, 2024, while discussing the matter at Defendant's home, Defendant assured Plaintiff that he had deleted the video.

21. The next morning, Monday, May 27, 2024, Plaintiff discovered that Defendant had left the residence. Plaintiff, uncomfortable with what had transpired, decided to end her visit early, took a ride share to the airport, and returned home that same day.

22. On Tuesday, May 28, 2024, Plaintiff expressed her frustration with his behavior via messaging with Defendant. Defendant, making no apology, sent the very same video he claimed to have deleted to Plaintiff via text message, confirming that he had lied to her about its deletion. When Plaintiff expressed her disbelief that he had lied about deleting the video, Defendant responded "You fucking like it [Doe] stop acting like you don't."

23. Plaintiff, now very concerned, inquired as to whether Defendant had sent the video to anyone else. Defendant avoided her question instead telling her to "get the fuck outta here."

24. Plaintiff, now very concerned about Mr. Jackson further distributing the video, reported the incident to the Los Angeles Police Department (LAPD).

25. LAPD advised that the recording may constitute criminal conduct but that she would need to return to Los Angeles or they could work cooperatively with her local police department to initiate an investigation.

26. Plaintiff subsequently retained legal counsel and chose to instead report the matter to the NFL instead of pursuing criminal charges.

27. The NFL conducted an investigation and concluded that Defendant had violated its personal conduct policy and was suspended.

28. Defendant's counsel in that process represented that the video had been deleted, but Plaintiff has no reason to trust that representation based on Defendant's previous deception.

29. As a direct result of Defendant's conduct, Plaintiff has experienced severe emotional distress, loss of privacy, and psychological harm.

30. Plaintiff lives in fear of what Defendant may do with this highly personal, sensitive, and private recording of her that he took without her consent. As a result of Defendant's conduct, Plaintiff cannot know or trust that this graphic video recording of the most private parts of her body will not resurface.

31. Plaintiff has required and continues to require therapy to process the trauma, cope with the knowledge that the graphic, nonconsensual recording may resurface at any time and must rebuild her trust in relationships.

**FIRST CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

32. Plaintiff incorporates by reference all preceding paragraphs.

33. Defendant's conduct was outrageous, including the nonconsensual filming of Plaintiff's genitalia as well as the deliberate taunting, refusing to delete the illegal video, deceiving Plaintiff about its deletion and then sending her a copy of the graphic video.

34. Defendant intended to cause Plaintiff severe emotional distress, as evidenced by his subsequent taunting, or acted with reckless disregard of the probability of causing her emotional distress.

35. Plaintiff has suffered extreme mental anguish, anxiety, humiliation, and fear as a result of Defendant's conduct.

## SECOND CAUSE OF ACTION

### Invasion of Privacy – Intrusion Upon Seclusion

36. Plaintiff incorporates by reference all preceding paragraphs.

37. Plaintiff had a reasonable expectation of privacy from being secretly filmed her during the sexual encounter.

38. Defendant intentionally intruded upon that privacy by secretly filming her genitalia without consent.

39. The intrusion was highly offensive and would be so to any reasonable person.

40. Defendant's actions caused Plaintiff emotional and psychological injury.

## THIRD CAUSE OF ACTION

### Revenge Porn – Civ. Code § 1708.85

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Defendant intentionally distributed an image of Plaintiff's intimate body parts without her consent by sending the highly sensitive surreptitious filming of Plaintiff's genitalia to her via electronic message.

43. Plaintiff had a reasonable expectation of privacy that she would not be secretly filed during the sexual encounter and that such surreptitious filming of her would not be distributed via electronic means to anyone, including herself.

44. Defendant knew or should have known Plaintiff had an expectation that she would not be secretly filed during the sexual encounter and that the nonconsensual filming would, as Defendant told Plaintiff, have been deleted and not have been distributed in any manner over any platform.

45. Plaintiff suffered harm as a result of the Defendant's distribution including severe emotional distress, anxiety, and humiliation.

## FOURTH CAUSE OF ACTION

### False Promise (Fraud)

46. Plaintiff incorporates by reference all preceding paragraphs.

47. Defendant falsely represented to Plaintiff that he had deleted the surreptitious video of Plaintiff's genitalia while at his residence on May 26, 2024.

48. Plaintiff reasonably relied on that representation.

49. Defendant made the promise without intent to perform and knowing that he had not performed on the promise.

50. Plaintiff was harmed in the form of emotional and psychological distress and damage because of this fraudulent promise.

## FIFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Defendant owed Plaintiff a duty not to cause foreseeable emotional harm.

53. Defendant breached that duty through negligent, reckless, and harmful actions of filming Plaintiff's genitalia without first gaining or even seeking her consent.

54. As a result of Defendant's conduct, Plaintiff has suffered serious emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

(1) For general and special damages in an amount according to proof;

(2) For statutory damages under applicable statutes;

(3) For punitive damages for malice, oppression, and Fraud;

(4) For punitive damages for Intentional Infliction of Emotional Distress, Revenge Porn, and Fraud;

  (5)  For treble damages for Revenge Porn;

  (6)  For costs of suit and reasonable attorney's fees; and

  (7)  For injunctive relief and any further relief the Court deems proper.

December 31, 2025        Respectfully submitted,

          By: */s/ John Clune*
          John Clune (Admitted Pro Hac Vice)
          **HUTCHINSON BLACK & COOK, LLC**
          921 Walnut Street, Suite 200
          Boulder, CO 80302
          Telephone: (303) 442-6514
          Fax: (303) 442-6593
          john.clune@hbcboulder.com

          Micha Star Liberty (SBN 215687)
          **LIBERTY LAW INC.**
          1999 Harrison, Suite 1800
          Oakland, California 94612
          Telephone: (510) 645-1000
          Fax: (888) 645-2008
          Micha@LibertyLaw.com

          *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable under the law.

December 31, 2025        Respectfully submitted,

          By: */s/ John Clune*
          John Clune (Admitted Pro Hac Vice)
          **HUTCHINSON BLACK & COOK, LLC**
          921 Walnut Street, Suite 200
          Boulder, CO 80302
          Telephone: (303) 442-6514
          Fax: (303) 442-6593
          john.clune@hbcboulder.com